# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

ROGER K. GARBER,                                )
                                                )
      Plaintiff,                               )   C.A. No.: N14C-04-065 FSS
                                                )
      v.                                       )
                                                )   TRIAL BY JURY DEMANDED
CHRISTIANA CARE HEALTH                          )
SERVICES, INC., a/k/a CHRISTIANA                )
CARE HEALTH SYSTEM, INC., IPC                   )
THE HOSPITALIST COMPANY, INC./                  )
IPC-HOSPITALISTS OF DELAWARE,                   )
INFECTIOUS DISEASE ASSOCIATES,                  )
P.A., BIKASH BOSE, M.D. and                     )
NEUROSURGERY CONSULTANTS, P.A.,                 )
                                                )
      Defendants.                              )

Submitted: June 13, 2014
Decided: June 18, 2014

## ORDER

### Upon Review of the Affidavits of Merit

Plaintiff submitted five affidavits of merit accompanying his medical negligence complaint. Defendants have each moved to have the court review them, *in camera*, to determine whether they comply with 18 *Del. C.* § 6853(a)(1) and (c).[1]

---

[1] 18 *Del. C.* § 6853(d).

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit, signed by an expert and accompanied by the expert's *curriculum vitae*.[2] The expert must be licensed to practice as of the affidavit's date and engaged in the same or similar field as Defendant in the three years immediately preceding the alleged negligent act.[3] The affidavit must state that reasonable grounds exist to believe Defendant was negligent in a way that proximately caused Plaintiff's injury.[4] The statute's requirements are purposefully minimal. "In order to satisfy the *prima facie* burden, an Affidavit of Merit must only contain an expert's sworn statement that medical negligence occurred, along with confirmation that he or she is qualified to proffer a medical opinion."[5] An affidavit of merit that tracks the statutory language complies with the statute.[6]

Plaintiff's five affidavits each address a specific Defendant. After *in camera* review, the court finds:

1. An expert witness has signed each affidavit;

2. A current *curriculum vitae* was filed with each affidavit;

3. At the time each affidavit was sworn, each expert was a licensed physician or nurse who treated patients and/or taught in the same

---

[2] *Id.* § 6853(a)(1).
[3] *Id.* § 6853(c).
[4] *Id.* § 6853(c).
[5] *Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011).
[6] *Id.* at 342-343.

or similar field of medicine as the respective Defendant within the three years preceding the alleged negligent acts;

4. Each expert was Board certified in the same or similar field of medicine as the respective Defendant;

5. The affidavits state, with reasonable medical probability, that there are grounds to believe each Defendant breached its standard of care;

6. Each expert further opines that the respective Defendant's breach proximately caused Plaintiff's injuries.

Following Defendants' motions, Plaintiff responded. Plaintiff's responses are unnecessary and are not called for by the statute. They have no bearing on this order.

Considering the above, the court finds the affidavit of merit, as to each Defendant, complies with 18 *Del. C.* § 6853(a)(1) and (c).

**IT IS SO ORDERED**.


         /s/ Fred S. Silverman
            Judge

cc: Prothonotary (Civil)
     Dennis D. Ferri, Esquire
     Courtney R. Hamilton, Esquire        Theodore J. Segletes, III, Esquire
     Gregory S. McKee, Esquire          John D. Balaguer, Esquire
     Ryan T. Keating, Esquire            Christine Kane, Esquire
     Dawn C. Doherty, Esquire          Neilli M. Walsh, Esquire